**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CASE NO.: 8:23-cv-01462-WFJ-CPT**

DASSAULT SYSTEMES SOLIDWORKS
CORPORATION,

Plaintiff,

v.

BAY FOAM PACKAGING & INSULATION, INC.,
BAY FOAM PACKAGING & INSULATION, LLC,
CUSTOM TRAY, LLC, DAVID BENNET,
UGOCHUKWU NJOKU, and JOHN DOE,

Defendants.
_______________________________________/

**CUSTOM TRAY, LLC'S AND DAVID BENNET'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants, CUSTOM TRAY, LLC and DAVID BENNET, answer the Amended Complaint filed by Plaintiff, Dassault Systemes Solidworks Corporation, and state:

## NATURE OF THE ACTION[1]

Admitted only that the Complaint purports to be one for copyright infringement, circumvention of technological measures, and Massachusetts Common Law breach of contract, but Defendants deny they have committed or are committing acts of infringement and deny Plaintiff is entitled to any relief. Defendants deny any remaining allegations in Plaintiff's Nature of the Action.

## THE PARTIES

1. Without knowledge and therefore denied.

2. Admitted only that Custom Tray was incorporated as an LLC with its principal place of business as indicated. Denied that Custom Tray is an ongoing business concern. In fact, it has not been so since at least March 2022 when it was sold to Co-Defendants.

3. Without knowledge and therefore denied.

4. Admitted

5. Without knowledge and therefore denied.

## JURISDICTION AND VENUE

6. Defendants admit that the Complaint purports to set forth an action for copyright infringement under 17 U.S.C. § 101, et seq. Defendants deny any

[1] Defendants incorporate Plaintiff's headings for ease of reference only and without admitting the substance or content therein, whether implied or otherwise.

remaining allegations in Paragraph 6 of the Complaint. Specifically, Defendants deny that they committed any infringement of copyrights, circumvented technical measures allegedly used to control access to DS SolidWorks's SOLIDWORKS packages, or breached any contract in this case.

7. Defendants are not challenging subject matter jurisdiction.

8. Defendants are not challenging personal jurisdiction, but deny that Custom Tray resides anywhere or transacts business anywhere. In fact, it has not done so since at least March 2022 when Custom Tray was sold to Co-Defendants.

9. Without knowledge and therefore denied.

10. Defendants are not challenging personal jurisdiction, but deny that Custom Tray is an ongoing concern. See answer to no. 8.

11. Without knowledge and therefore denied.

12. Defendants are not challenging venue.

## BACKGROUND

### DS SolidWorks and the Copyrighted Works

13. Without knowledge and therefore denied.

14. Without knowledge and therefore denied.

15. Defendants admit that a purported copy of U.S. Copyright Registration Nos. TX0005225647 entitled "SolidWorks 2000", TX0005666476 entitled "SolidWorks 2001 plus", TX0005725523 entitled "Solidworks 2003",

TX0008443820 entitled "SolidWorks 2017", and TX0009074914 entitled "SolidWorks 2022" are attached to the Complaint as Exhibit 1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, and therefore denies them.

**[Alleged] Detection of Infringement by Defendants**

16. Without knowledge, therefore denied.

17. Denied

**Computer 1**

18. Without knowledge concerning what Plaintiff alleges to have "detected." But denied that Defendants engaged in any unlicensed or unauthorized copying or use of any software or otherwise engaged in any wrongdoing whatsoever. In addition, Custom Tray has not been an operating business since at least March 2022 and Mr. Bennet has been retired since then.

19. Denied. In addition, see answer to no. 18.

20. Denied

21. Denied. In addition, see answer to no. 18.

22. Denied. In addition, see answer to no. 18.

23. Denied. In addition, see answer to no. 18.

24. Denied

25. Denied. In addition, see answer to no. 18.

26. Without knowledge and therefore denied.

27. Denied that Computer 1 is owned by or under the control of Custom Tray. Otherwise, without knowledge and denied.

28. Denied that Defendants engaged in any unauthorized use of any software or otherwise engaged in any wrongful conduct. Otherwise, without knowledge and therefore denied.

29. Without knowledge and therefore denied.

30. Without knowledge and therefore denied.

31. Without knowledge and therefore denied.

32. Denied

33. Denied

34. Without knowledge and therefore denied.

**Computer 2**

35. Without knowledge concerning what Plaintiff alleges to have "detected." But denied that Defendants engaged in any unlicensed or unauthorized copying or use of any software or otherwise engaged in any wrongdoing whatsoever. In addition, Custom Tray has not been an operating business since at least March 2022 and Mr. Bennet has been retired since then.

36. Denied. In addition, see answer to no. 35.

37. Denied

38. Denied

39. Denied. In addition, see answer to no. 35.

40. Without knowledge and therefore denied.

41. Admitted

42. Denied

43. Denied

44. Denied

45. Denied

**Computer 3**

46. Without knowledge concerning what Plaintiff alleges to have "detected." But denied that Defendants engaged in any unlicensed or unauthorized copying or use of any software or otherwise engaged in any wrongdoing whatsoever. In addition, Custom Tray has not been an operating business since at least March 2022 and Mr. Bennet has been retired since then.

47. Denied

48. Denied

49. Denied. See answer to no. 46.

50. Denied. See answer to no. 46.

51. Denied

52. Denied

53. Denied

**[Alleged] Infringement, Circumvention, and Breach by Defendants**

54. Denied

55. Denied. See answer to no. 46.

56. Without knowledge and therefore denied.

57. Denied

58. Denied

59. Denied

60. Without knowledge and therefore denied.

61. Admitted only as to what the purported license states on its face as attached to the Complaint. Otherwise denied.

62. Denied

63. Admitted only as to what the purported license states on its face as attached to the Complaint. Otherwise denied.

64. Admitted only as to what the purported license states on its face as attached to the Complaint. Otherwise denied.

65. Denied

66. Denied

67. Admitted only as to what the purported license states on its face as attached to the Complaint. Otherwise denied.

68. Denied. See answer to no. 46.

69. Denied

70. Denied

71. Denied

72. Denied

**[Alleged] Notice of Infringement to Defendants Custom Tray and Bennet**

73. Admitted only that that a purported copy of a letter addressed to Mr. David Bennet bearing a date of December 19, 2018 is attached to the Complaint as Exhibit 5. Defendants deny the remaining allegations of this paragraph of the Complaint.

74. Admitted only that Defendants communicated with DS SolidWorks multiple times between December 20, 2018 and March 19, 2019. Denied as to the remaining allegations.

75. Admitted only that that a purported copy of a letter addressed to Mr. David Bennet bearing a date of March 28, 2019 is attached to the Complaint as Exhibit 7. Defendants deny the remaining allegations of this paragraph of the Complaint.

76. Admitted only that between May 14, 2020 and May 29, 2020 Bennet communicated with DS SolidWorks via email. Denied as to the remaining allegations.

77. Denied

**COUNT I**
**FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**
**(Against All Defendants)**

78. Defendants incorporate paragraphs 1 through 77 as if fully set forth herein.

79. Denied

80. Without knowledge and therefore denied.

81. Denied

82. Denied

83. Denied

84. Denied

85. Denied

86. Denied

87. Denied

88. Denied

**COUNT II**
**CIRCUMVENTION OF TECHNOLOGICAL MEASURES**
**(17 U.S.C. § 1201)**
**(Against All Defendants)**

89. Defendants incorporate paragraphs 1 through 77 as if fully set forth herein.

90. Without knowledge and therefore denied.

91. Denied

92. Denied

93. Denied

94. Denied

95. Denied

96. Denied

97. Denied

**COUNT III**
**BREACH OF CONTRACT**
**(Massachusetts Common Law)**
**(Against All Defendants)**

98. Defendants incorporate paragraphs 1 through 77 as if fully set forth herein.

99. Without knowledge and therefore denied.

100. Denied

101. Admitted only as to what the purported license states on its face as attached to the Complaint. Otherwise denied.

102. Denied

103. Denied

104. Admitted only as to what the purported license states on its face as attached to the Complaint. Otherwise denied.

105. Denied

106. Denied

107. Denied

108. Denied

109. Denied

110. Denied

111. Denied

112. Denied

113. Admitted only as to what the purported license states on its face as attached to the Complaint. Otherwise denied.

114. Denied

115. Denied

116. Denied

117. Denied

118. Denied

119. Admitted only as to what the purported license states on its face as attached to the Complaint. Otherwise denied.

120. Denied

With respect to Plaintiff's Prayer for Relief ("Wherefore" Clause), Defendants deny that Plaintiff is entitled to any of the relief sought in Paragraphs

A through I of the Complaint. Defendants request an award of attorneys' fees under 17 U.S.C. § 505.

**DEMAND FOR A JURY TRIAL**

Defendants seek trial by jury on all issues so triable.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief are barred by the statute of limitations under at least 17 U.S.C. § 507(b) because a large portion of the conduct alleged in the Amended Complaint occurred three years or more prior to the date of the filing thereof.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's copyright claims are barred by the doctrine of fair use.

**THIRD AFFIRMATIVE DEFENSE**

Defendants have not infringed, do not infringe, and are not liable for infringement of any valid, enforceable copyright, or copyright rights of Plaintiff, including, without limitation, the purported copyright registrations attached to the Complaint as Exhibit 1.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's copyright claims are barred due to copyright invalidity to the extent that Plaintiff claims rights to works that are functional, are not original, were not authored by Plaintiff, or are otherwise not protectable by copyright.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's copyright claims are barred because Defendants have an express or implied license to use the SOLIDWORKS software at issue.

**SIXTH AFFIRMATIVE DEFENSE**

Any alleged copyright infringement is innocent on the part of Defendants pursuant to 17 U.S.C. § 504(c)(2).

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery by the equitable doctrine of estoppel, either in whole or in part, to the extent that Plaintiff, its agents or the real parties in interest have made statements or taken actions which estop Plaintiff from asserting its claims.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the equitable doctrine of laches insofar as the Plaintiff unreasonably delayed asserting the claim to the detriment of Defendants.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff cannot recover damages from Defendants to the extent that Plaintiff failed to mitigate its alleged damages. To the extent that Plaintiff failed to promptly report or complain about any alleged infringement, Plaintiff failed to mitigate is alleged damages.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to comply with the requirements of the Digital Millennium Copyright and, as such, the Complaint must fail in whole or in part.

WHEREFORE, Defendants demand judgment in their favor on all Counts of the Amended Complaint, that Plaintiff take nothing by way of the Amended Complaint, and that Defendants be awarded their attorneys' fees and costs for defending Plaintiff's claims under 17 U.S.C. § 505.

Dated: September 14, 2023

Respectfully submitted,

**NELLES LAW GROUP**
*Attorneys for Custom Tray and Bennet*
101 Northeast Third Ave., Suite 1500
Ft. Lauderdale, FL 33301
T: 954-246-4800; D: 954-246-4880
E: yberstein@nelleslawFL.com

By: /s/ *Matthew S. Nelles*
Matthew S. Nelles
Florida Bar No. 009245
mnelles@nelleslawFLcom

E. Adriana Kostencki (of counsel)
Florida Bar No. 84507
akostencki@nelleslawFL.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 14, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will serve a copy of the foregoing document on all counsel of record on the below Service List.

*/s/ Matthew S. Nelles*
Matthew S. Nelles

**SERVICE LIST**

Glenn E. Forbis, Esq. (*Pro Hac Vice*)
gforbis@harnessip.com
Michael A. Chernoff, Esq. (*Pro Hac Vice*)
mchernoff@harnessip.com
Jeremiah J. Foley, Esq. (*Pro Hac Vice*)
jfoley@harnessip.com
HARNESS, DICKEY & PIERCE PLC
5445 Corporate Drive, Suite 200
Troy, MI 48098
T: (248) 641-1600

Erik Johanson, Esq.
Florida Bar No.: 106417
erik@johanson.law
Joseph R. Boyd, Esq.
Florida Bar No. 1039873
jr@johanson.law
ERIK JOHANSON PLLC
3414 W. Bay to Bay Blvd., Suite 300
Tampa, FL 33629
T: (813) 210-9442
Eservice: ecf@johanson.law
*Attorneys for Plaintiff*

Jose Javier Teurbe-Tolon, Esq.
Florida Bar No. 87791
jose@xanderlaw.com
XANDER LAW GROUP, P.A.
1 NE 2nd Avenue, Suite 200
Miami, FL 33132
T: 305/767-2001

*Attorney for Defendants, Bay Foam Packaging & Insulation, LLC and Ugochukwu Njoku*